IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTERN STAR HOSPITAL AUTHORITY INC., t/d/b/a METRO HEALTH EMS | : | CIVIL ACTION |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| UNITED STATES DEPARTMENT OF VETERAN AFFAIRS | : | |
| Defendant | : | NO.  18-1011 |

## AFFIDAVIT OF B. LAMONT DOYLE

1. I am an adult individual of African American descent.

2. I am Chief Operating Officer of Western Star Hospital Authority, Inc., t/d/b/a/ Metro Health, EMS ("Plaintiff" or "Metro Health").

3. Plaintiff is an emergency transportation company that provides basic life support and advanced life support ambulatory services to the greater Pittsburg area.

4. Defendant United States Department of Veterans Affairs (the "Department of VA") is a federal cabinet-level agency that provides healthcare and related services to military veterans at VA medical centers and other outpatient medical treatment centers.

5. Among the medical centers utilized by the Department of VA is University of Pittsburgh Medical Center ("UPMC").

6. Based on information and belief, UPMC is a health care provider and insurer based in Pittsburgh, PA.

7. Based on information and belief, UPMC operates more than thirty (30) academic, community, and specialty hospitals across Pennsylvania.

{01586766;v1}

8. Based on information and belief, UPMC runs a program known as "Medcall" a/k/a "PARC" ("PARC").

9. Based on information and belief, PARC is an ambulance brokerage service for all UPMC-run facilities.

10. Based on information and belief, PARC receives incoming calls from patients in need of emergency transportation services, and assigns the call to one of several EMT companies with which it partners.

11. Based on information and belief, UPMC, through PARC, receives a brokerage fee for every call they assign to an EMT provider.

12. Based on information and belief, Medevac Ambulance Company ("MAC") is an ambulance company hired by UPMC to perform services as staff/paramedics, at the VA hospitals in Pittsburgh, PA and the surrounding areas.

13. Based on information and belief, in that regard, MAC serves as the staffing agent for the Department of VA at the VA hospitals in Pittsburgh, PA and the surrounding areas.

14. Based on information and belief, the Bureau of Emergency Medical Services of the PA Department of Health is responsible for the statewide development and coordination of a comprehensive system to prevent and reduce premature death and disability.

15. Based on information and belief, under Pennsylvania law, the Bureau of Emergency Medical Services has the responsibility for licensing all emergency medical service agencies and all prehospital care providers in the Commonwealth.

16. Based on information and belief, the Emergency Medical Services Division of the PA Department of Health is known as Emergency Medical Services West ("EMSW").

17. Based on information and belief, the PA Department of Health appointed EMSW as the regional emergency medical services ("EMS") council for the greater Pittsburgh area, pursuant to 35 Pa.C.S. § 8109 and 28 Pa. Code § 1021.101.

18. Based on information and belief, as the regional EMS council, EMSW's duties include, but are not limited to "carry[ing] out, to the extent feasible, the Statewide and regional EMS system plans" and ensuring that EMS providers met the "licensure, certification, registration and continuing education requirements established under the act."

19. Based on information and belief, EMSW is governed by its Board of Directors.

20. Based on information and belief, at or around the time of the incidents at issue, the Board of Directors of EMSW consisted, in part, of individuals who were employed by UPMC and/or MAC.

21. In December 2016, the Department of VA awarded a contract to Metro-Health to provide ambulance services to Veterans Hospitals in Pittsburgh, PA (the "Contract").

22. Before the Department of VA awarded the Contract to Plaintiff, Plaintiff experienced unreasonable and unnecessary delays in the bidding process.

23. Based on information and belief, the aforementioned unreasonable and unnecessary delays were occasioned by officials, employees and/or representatives of EMSW.

24. Specifically, based on information and belief, the unreasonable and unnecessary delays were occasioned by officials, employees and/or representatives of EMSW because of their racial bias against Metro-Health.

25. After Metro-Health secured the Contract, it experienced unreasonable, unnecessary and unprecedented delays in the licensure and/or inspection of its vehicles and/or equipment.

26. Based on information and belief, the unreasonable, unnecessary and unprecedented delays experienced by Metro-Health were occasioned by officials, employees and/or representatives of EMSW and/or the Department of the VA.

27. Employees and/or representatives of EMSW also imposed unreasonable, unwarranted and/or unprecedented requirements on Metro-Health for the licensure and/or inspection of vehicles and/or equipment.

28. Based on information and belief, the aforementioned unreasonable, unwarranted and/or unprecedented delays stemmed from the racial bias against Metro-Health of officials, employees and/or representatives of EMSW, UPMC and/or the Department of VA.

29. Once the Contract was awarded, the defendant Department of VA scheduled an initial meeting with Plaintiff Metro-Health, presumably to discuss Metro-Health's duties and responsibilities under the Contract.

30. Unbeknownst to Metro-Health, the defendant Department of VA invited and/or permitted representatives of UPMC/PARC to attend the meeting.

31. The Department of VA's invitation and/or permission allowing UPMC/PARC to attend this meeting constituted a conflict of interest against Metro-Health.

32. The Department of VA's invitation and/or permission allowing UPMC/PARC to attend this meeting gave UPMC the opportunity to interfere with and/or attempt to interfere with the Department of VA's administration of the Contract, against the interests of Plaintiff Metro-Health.

33. Based on information and belief, the Department of VA's invitation and/or permission allowing UPMC/PARC to attend this meeting gave UPMC the opportunity to interfere with and/or attempt to interfere with the Department of VA's administration of the Contract, against the interests of Plaintiff Metro-Health stemmed from the racial bias against Metro-Health of officials, employees and/or representatives of UPMC and/or the Department of VA.

34. Based on information and belief, after Plaintiff Metro-Health began performing under the Contract, officials, employees and/or representatives of MAC, apparently in their capacity as the staffing agent for the Department of VA, sent multiple email messages to UPMC and/or MAC employees directing them to impose unpreceded and heighted checks and/or requirements on Metro-Health, when Metro-Health presented to transport patients.

35. Based on information and belief, in addition, officials, employees and/or representatives of MAC, in their capacity as the staffing agent for the Department of VA, instructed their employees to (a) delay calling Plaintiff Metro-Health for transportation services, (b) alter Metro-Health's logged response times and (c) upgrade the call levels, in order to ensure that Plaintiff Metro-Health did not respond to calls timely and/or did not present at the VA hospital with the proper equipment.

36. Based on information and belief, officials, employees and/or representatives of MAC, in their capacity as the staffing agent for the Department of VA, employed other tactics designed to assure that Metro-Health did not receive calls timely and/or would fail to respond to calls in a timely fashion.

37. Based on information and belief, further, officials, employees and/or representatives of MAC, in their capacity as the staffing agent for the Department of VA,

conducted multiple unprecedented, random and unannounced inspections of Metro-Health vehicles at various locations in the Pittsburgh, PA area.

38. The aforementioned conduct constitutes attempts by officials, employees and/or representatives the Department of VA, EMSW, UPMC and/or MAC to: (a) sabotage and/or interfere with Plaintiff's performance under the Contract; (b) damage Plaintiff's reputation; and/or (b) cause Plaintiff to suffer lost income and profits, all because of the race of the owners and/or operators of Plaintiff business.

39. Based on the above mentioned conduct and my belief that the above referenced conduct stemmed from and/or was based on the collective racial bias against Metro-Health by certain officials, employees and/or representatives of the Department of VA, EMSW, UPMC and/or MAC, Metro-Health lodged a complaint with the Department of VA.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 1st day of May, 2019.

_____
B. LAMONT DOYLE