## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTERN STAR HOSPITAL AUTHORITY | : | |
| INC., t/d/b/a METRO HEALTH EMS | : | CIVIL ACTION |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| UNITED STATES DEPARTMENT OF | : | |
| VETERAN AFFAIRS | : | |
| Defendant | : | NO.  18-1011 |

### AFFIDAVIT OF PHINORICE J. BOLDIN

I, Phinorice J. Bolin, hereby depose and state:

1.     I  am counsel for Plaintiff, Western Star Hospital Authority, Inc., t/d/b/a/ Metro Health, EMS ("Plaintiff" or "Metro Health").

2.     Based on information and belief, in response to the complaint lodged by Metro-Health, a representative of Department of VA instituted an investigation into Metro-Health's complaints.

3.     Based on information and belief, in response to and/or due to the complaint lodged by Plaintiff Metro-Health, the Department of VA Administrative Investigation Board (the "AIB"), conducted an investigation of Metro-Health's complaint.

4.     Pursuant to the FOIA, on October 2, 2017, Plaintiff Metro-Health sought copies of all documents and information gathered by the AIB as a part of its investigation into Metro-Health's claim (the "Request").  A copy of the Request is attached hereto, as Exhibit "1".

5.     Based on information and belief, between October 2, 2017 and December 27, 2017, the VA transferred Plaintiff's Request to multiple departments and locations at the Department of the VA.

6.      On or about December 27, 2017, Jeffrey Adamson, (Acting) VA Healthcare VISN 4 FOIA Officer, advised Plaintiff that the VHA had assigned the Request to him.

7.      Four (4) months later, Mr. Adamson forwarded a letter to Plaintiff, a copy of which is attached hereto as Exhibit "2", with a CD containing 1385 pages of documents, replete with redactions (collectively referred to as the "Response").

8.      The Response is insufficient and contrary to the obligations of the Department of the VA under the applicable provisions of the FOIA.

9.      Specifically, the Response is replete with mass redactions that render it nearly impossible to gather any type of reasonable information from the Response.

10.      By way of example, every single witness interview response is redacted in full.

11.      Moreover, nearly every single email produced contains redactions, many of which constitute the entirety of the information within the email.

12.      This Response, and the redactions therein, provide no meaningful information to Metro-Health and preclude the ability of Metro-Health, or undersigned counsel, to make determinations as to the nature of the actions against Metro-Health, including the collective racial bias against Metro-Health.

13.      By letter dated June 8, 2018, Plaintiff Metro-Health served the Office of General Counsel of the Department of VA, with its appeal of the Response under the FOIA.  A copy of the package is attached hereto as Exhibit "3".

14.      Via letter dated June 15, 2018, the Department of VA acknowledged receipt of the appeal filed by Metro-Health, but did not produce unblemished copies of the records requested.  A copy of the letter is attached hereto as Exhibit "4".

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 1st day of May, 2019.

PHINORICE J. BOLDIN

# EXHIBIT 1

{01586804;v1}



**FINEMAN**
**Krekstein**
**& Harris**

*Dedicated to the Practice of Relationships*

| **PHILADELPHIA OFFICE** | PLEASE REPLY TO PHILADELPHIA OFFICE | **NEW JERSEY OFFICE** |
|---|---|---|
| Ten Penn Center | | 20 Brace Road |
| 1801 Market Street, Suite 1100 | | Suite 350 |
| Philadelphia, PA 19103 | | Cherry Hill, NJ 08034 |
| Phone: 215 893-9300 | | Phone: 856 795-1118 |
| Fax: 215 893-8719 | | Fax: 856 795-1110 |

**Phinorice J. Boldin, Esquire**
Direct Dial: 215-893-8735
E-Mail: pboldin@finemanlawfirm.com

October 2, 2017

**<u>Via Email and First Class Mail</u>**

Department of Veterans Affairs
Office of Inspector General
Release of Information Office (50CI)
810 Vermont Avenue, NW
Washington, DC 20420

> Re:   **Investigation regarding the Contract between Western-Star Hospital**
> **<u>Authority Inc. and the Department of Veterans Affairs</u>**

To whom it may concern:

Pursuant to the Freedom of Information Act, 5 U.S.C. §552, we hereby request that you provide us with responses to the following:

1.   Confirm or deny that the Department of Veterans Affairs, Office of Inspector General conducted regarding an investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.

2.   Confirm or deny that an "Administrative Investigative Board" of the Department of Veterans Affairs, Office of Inspector General conducted an investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.

{01328499;v1}

Department of Veterans Affairs
Office of Inspector General
Release of Information Office (50CI)
October 2, 2017
Page **2** of **3**

3.     Confirm or deny that an "Administrative Investigative Board" appointed and/or created by the Department of Veterans Affairs, Office of Inspector General conducted an investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.

Also, pursuant to the Pursuant to the Freedom of Information Act, 5 U.S.C. §552, we request that you provide us with copies of any and all records, documents and/or materials relating to an investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.  This request includes, but is not limited to, the following:

4.     Any and documents related to the Department of Veterans Affairs, Office of Inspector General's investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.

5.     Any and all documents that identify any and all employees of the Department of Veterans Affairs who were interviewed as a part of the Department of Veterans Affairs, Office of Inspector General's investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.

6.     Any and all documents that identify any and all persons, other than employees of the Department of Veterans Affairs, who were interviewed as a part of the Department of Veterans Affairs, Office of Inspector General's investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.

7.     Copies of any transcripts, including attachments, of any and all employees of the Department of Veterans Affairs who were interviewed as a part of the Department of Veterans Affairs, Office of Inspector General's investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.

8.     Copies of any transcripts, including attachments, of any and all persons, other than employees of the Department of Veterans Affairs who were interviewed as a part of the Department of Veterans Affairs, Office of Inspector General's investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.

{01328499;v1}

Department of Veterans Affairs
Office of Inspector General
Release of Information Office (50CI)
October 2, 2017
Page **3** of **3**

9.      Copies of any statements, written or recorded, including attachments, of any and
        all employees of the Department of Veterans Affairs who were interviewed as a
        part of the Department of Veterans Affairs, Office of Inspector General's
        investigation regarding the Contract between Western-Star Hospital Authority
        Inc. and the Department of Veterans Affairs.

10.     Copies of and statements, written or recorded, including attachments, of any and
        all persons, other than employees of the Department of Veterans Affairs who
        were interviewed as a part of the Department of Veterans Affairs, Office of
        Inspector General's investigation regarding the Contract between Western-Star
        Hospital Authority Inc. and the Department of Veterans Affairs.

11.     Copies of any and all reports generated as a part of and/or as a result of the
        Department of Veterans Affairs, Office of Inspector General's investigation
        regarding the Contract between Western-Star Hospital Authority Inc. and the
        Department of Veterans Affairs.

We look forward to hearing from you. Thank you for your time and attention.

Sincerely,

Phinorice J. Boldin

PJB/pjb

{01328499;v1}

EXHIBIT 2



323 North Shore Drive
Suite 400
Pittsburgh, PA 15212
*phone* 412-822-3316
*fax* 412-822-3275

April 18, 2018                                    FOIA Request 18-02250-F

Phinorice J. Boldin, Esq.
Fineman, Krekstein & Harris, P.C.
1801 Market Street, Suite 1100
Philadelphia, PA 19103

Dear Ms. Boldin:

This letter is the initial agency decision to your October 3, 2017 request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, submitted to the Department of Veterans Affairs, Office of Inspector General, which was then routed to the VA Central office FOIA Service who determined that one of the appropriate offices for processing of and conducting a search for certain elements of your request was the VA Healthcare VISN 4 FOIA office. In your original request you asked for "a copy of Department of Veterans Affairs, Office of Inspector General (OIG) records pertaining to any investigation regarding the contract between Western Star Hospital Authority inc. and the Department of Veterans Affairs."

The VA Healthcare VISN 4 FOIA office received your FOIA request on December 26, 2017 from the VHA FOIA office. In a response provided to you by the OIG FOIA office you were advised that your request for any related administrative investigations would not be maintained by the OIG and your request was referred to the VA Central office FOIA service for assignment to the appropriate VA component. This response will address records and /or documents maintained by the VA Healthcare VISN 4 office only.  Your request has been assigned the tracking number at the top of this letter. Please include this tracking number in all future communications concerning this FOIA request. Also be advised that based on the amount of time necessary for processing this FOIA request, it has been placed in the complex processing track.

We began looking for record(s) responsive to your request pertaining to administrative investigations on December 28, 2017. A search for records responsive to your FOIA request was conducted.

My review of the documents revealed that they contained information that falls within the disclosure protections of FOIA Exemption 6, [5 U.S.C. § 552(b) (6)]. FOIA Exemption 6 permits VA to withhold information within a document if disclosure of the information would constitute a clearly unwarranted invasion of a living individual's personal privacy.  Stated another way, VA may withhold information under Exemption 6 where disclosure of the information, either by itself or in conjunction with other information available to either the public or the FOIA requester, would result in an unwarranted invasion of an individual's personal privacy without contributing significantly to the public's understanding of the activities of the federal government.

PENNSYLVANIA

DELAWARE

NEW JERSEY

OHIO

www.visn4.va.gov

Phinorice J. Boldin, Esq.
Page 2
April 18, 2018

Specifically, the information I am withholding, as indicated on the enclosed documents, under FOIA Exemption 6 consists of individual names, email addresses, phone numbers and addresses referenced in these documents, as the individuals associated with this information have a personal privacy interest in it.

The coverage of FOIA Exemption 6 is absolute unless the FOIA requester can demonstrate a countervailing public interest in the requested information by demonstrating that the individual is in a position to provide the requested information to members of the general public and that the information requested contributes significantly to the public's understanding of the activities of the Federal government.  Additionally, the requester must demonstrate how the public's need to understand the information significantly outweighs the privacy interest of the person to whom the information pertains.  Upon consideration of the materials provided, I have not been able to identify a countervailing public interest of sufficient magnitude to outweigh the privacy interest in this case.  The individuals associated with this information have a personal privacy interest in information that outweighs any public interest served by disclosure of their identities under FOIA.  Consequently, I have redacted or blacked out this information under FOIA Exemption 6, 5 U.S.C. § 552 (b) (6).

Upon review of the responsive records, I have also determined they contain information which is protected under FOIA Exemption 5, 5 U.S.C. § 552(b) (5).

FOIA Exemption 5 permits VA to withhold a document or information contained within a document as "pre-decisional" if two requirements are met.  First, if there is an identifiable deliberative process.  Second, the agency generated the information or document as part of the agency decision process.  Stated another way, VA may withhold information under Exemption 5 where the document or its content makes recommendations or expresses opinions about legal or policy matters during a decision-making process and the document is not the decision document or incorporated into the decision document.  Additionally, as a matter of Federal policy, the agency must state an articulable, foreseeable harm to the agency or its activities that could occur as a result of release of the document or information.

My review of the documents identified as responsive to your FOIA request reveals that it contains information that falls within the protection of Exemption 5.  Witness testimony that is part of the Administrative Investigation Board (AIB) individual names and email addresses, and contract pricing information provided as evidence has been withheld as this document's status is pre-decisional and part of the AIB. The deliberative process privilege of Exemption 5 is invoked as it is determined that the release of these documents to the public would negatively impact frank and open discussion and the willingness to provided testimony during an AIB. Additionally, it is my conclusion that the release would cause a negative impact on the ability to conduct AIB's and impair the agency's ability to fully investigate and resolve administrative investigations.  Consequently, VA partially denies your request for this information under FOIA Exemption 5, 5 U.S.C. § 552(b) (5).

VA Healthcare
VISN 4

Phinorice J. Boldin, Esq.
Page 3
April 18, 2018

323 North Shore Drive
Suite 400
Pittsburgh, PA 15212
*phone* 412-822-3316
*fax* 412-822-3275

If you disagree with my determination to withhold the information under FOIA Exemption 5 and 6, please be advised that you may appeal to the Office of General Counsel.  Appeals may be submitted electronically to ogcfoiaappeals@va.gor or mailed to the following address:

Office of the General Counsel (024)
Department of Veterans Affairs
810 Vermont Avenue, N.W.
Washington, D.C.  20420

If you should choose to file an appeal, your appeal must be postmarked no later than ninety (90) calendar days from the date of this letter.  Please include a copy of this letter with your written appeal and clearly state why you disagree with the determinations set forth in this response.

In addition to filing an appeal with the Office of General Counsel regarding my determination, you may also seek assistance and/or dispute resolution services regarding your FOIA request from VHA's FOIA Public Liaison and or Office of Government Information Services (OGIS) as provided below:

VHA FOIA Public Liaison:
Email Address:        vhafoia2@va.gov
Phone Number:        (877) 461-5038

Office of Government Information Services (OGIS)
Email:  ogis@nara.gov
Fax:  (202) 741-5769
Mailing address:  Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road
College Park, MD  20740-6001

You have been provide a copy of 1385 pages of electronic documents on the enclosed CD, however we have redacted or blacked out all information  as cited above under FOIA exemption 5 and exemption 6.

Sincerely,

JEFFREY ADAMSON
(Acting) VA Healthcare VISN 4 FOIA Officer

PENNSYLVANIA

DELAWARE

NEW JERSEY

OHIO

www.visn4.va.gov

# EXHIBIT 3



**FINEMAN**
**Krekstein**
**& Harris**

*Dedicated to the Practice of Relationships*

| **PHILADELPHIA OFFICE** | PLEASE REPLY TO PHILADELPHIA | **NEW JERSEY OFFICE** |
|---|---|---|
| Ten Penn Center | OFFICE | 20 Brace Road |
| 1801 Market Street, Suite 1100 | | Suite 350 |
| Philadelphia, PA 19103 | | Cherry Hill, NJ 08034 |
| Phone: 215 893-9300 | | Phone: 856 795-1118 |
| Fax: 215 893-8719 | | Fax: 856 795-1110 |

**Phinorice J. Boldin, Esquire**
Direct Dial: 215-893-8735
E-Mail: pboldin@finemanlawfirm.com

June 8, 2018

**Via Email and First Class Mail**

Office of General Counsel (024)
Department of Veterans Affairs
810 Vermont Avenue, N.W.
Washington, DC 20420

     **Re:**    **Investigation regarding the Contract between Western-Star Hospital**
              **Authority Inc. and the Department of Veterans Affairs**
              **Our File No. 9308/00001**

To whom it may concern:

     This is an appeal under the Freedom of Information Act.

     On October 2, 2017, we submitted a written request pursuant to the Freedom of Information Act ("FOIA"), seeking documents regarding the Office of Inspector General's investigation into the contract between Western-Star Hospital Authority ("Western Star") and the Department of Veteran Affairs (the "VA"). Attached hereto, as Exhibit "A", is a copy of our FOIA request (the "Request").

     Between October 2, 2017 and December 27, 2017, the VA transferred our request to multiple VA departments and locations. On or about December 27, 2017, Jeffrey Adamson, (Acting) VA Healthcare VISN 4 FOIA Officer, advised that the VHA had assigned the Request to him. Four (4) months later, Mr. Adamson (hereinafter the "VA") forwarded the letter attached

{01452771;v1}

Office of General Counsel (024)
Department of Veterans Affairs
June 8, 2018
Page **2** of **2**

hereto as Exhibit "B", with a CD containing 1385 pages of documents, replete with redactions. As is explained more fully below, the Response is insufficient and contrary to the VA's obligations under the applicable provisions of the Freedom of Information Act.

First, while the VA produced 1385 pages of documents, as noted above, most of the documents are replete with redactions.  Second, the VA fails to describe, to any degree, the information that it redacted.

Third, based on our review and assessment of the information that the VA left unblemished, the redacted information is, more likely than not, factual in nature (witness testimony about the facts and circumstances surrounding Western Star's contract with the VA); not personnel or private information exempted under 5 U.S.C. § 552(b)(6).  The name and/or job title of an employee and/or contractor working with or for the VA does not constitute the category of "personal or private information" that the VA is entitled to withhold.

Fourth, the redactions purportedly made pursuant to 5 U.S.C. §552(b)(5) are improper, as the majority of the documents redacted were not generated by the agency, but constitute emails message and testimony by individuals who work with or for the VA.  Furthermore, these documents would be discoverable during a civil lawsuit, and therefore must be produced, pursuant to an FOIA request.

In that regard, the VA's redactions are improper and are not supported by the exemptions upon which your rely--5 U.S.C. § 552(b)(5) and 5 U.S.C. § 552(b)(6).  Based on the foregoing, we hereby appeal your decision to redact the information at issue and request that you produce *unredacted* copies of the documents, within 20 days, as required by 5 U.S.C. § 552(a)(6)(A)(ii).

We look forward to hearing from you. Thank you for your time and attention.

Sincerely,

Phinorice J. Boldin

PJB/las
Cc: B. Lamont Doyle, EMT-P RN
        Chief Operations Officer, Metro Health EMS
Encls.

{01452771;v1}

# Exhibit "A"



**FINEMAN**
**Krekstein**
**& Harris**

*Dedicated to the Practice of Relationships*

<table>
<tr>
<td><b>PHILADELPHIA OFFICE</b><br>Ten Penn Center<br>1801 Market Street, Suite 1100<br>Philadelphia, PA 19103<br>Phone: 215 893-9300<br>Fax: 215 893-8719</td>
<td align="center">PLEASE REPLY TO PHILADELPHIA<br>OFFICE</td>
<td align="right"><b>NEW JERSEY OFFICE</b><br>20 Brace Road<br>Suite 350<br>Cherry Hill, NJ 08034<br>Phone: 856 795-1118<br>Fax: 856 795-1110</td>
</tr>
</table>

**Phinorice J. Boldin, Esquire**
Direct Dial: 215-893-8735
E-Mail: pboldin@finemanlawfirm.com

October 2, 2017

**Via Email and First Class Mail**

Department of Veterans Affairs
Office of Inspector General
Release of Information Office (50CI)
810 Vermont Avenue, NW
Washington, DC 20420

> Re:   **Investigation regarding the Contract between Western-Star Hospital**
> **Authority Inc. and the Department of Veterans Affairs**

To whom it may concern:

Pursuant to the Freedom of Information Act, 5 U.S.C. §552, we hereby request that you
provide us with responses to the following:

1.   Confirm or deny that the Department of Veterans Affairs, Office of Inspector
General conducted regarding an investigation regarding the Contract between
Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.

2.   Confirm or deny that an "Administrative Investigative Board" of the Department
of Veterans Affairs, Office of Inspector General conducted an investigation
regarding the Contract between Western-Star Hospital Authority Inc. and the
Department of Veterans Affairs.

{01328499;v1}

Department of Veterans Affairs
Office of Inspector General
Release of Information Office (50CI)
October 2, 2017
Page **2** of **3**

3.     Confirm or deny that an "Administrative Investigative Board" appointed and/or created by the Department of Veterans Affairs, Office of Inspector General conducted an investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.

Also, pursuant to the Pursuant to the Freedom of Information Act, 5 U.S.C. §552, we request that you provide us with copies of any and all records, documents and/or materials relating to an investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.  This request includes, but is not limited to, the following:

4.     Any and documents related to the Department of Veterans Affairs, Office of Inspector General's investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.

5.     Any and all documents that identify any and all employees of the Department of Veterans Affairs who were interviewed as a part of the Department of Veterans Affairs, Office of Inspector General's investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.

6.     Any and all documents that identify any and all persons, other than employees of the Department of Veterans Affairs, who were interviewed as a part of the Department of Veterans Affairs, Office of Inspector General's investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.

7.     Copies of any transcripts, including attachments, of any and all employees of the Department of Veterans Affairs who were interviewed as a part of the Department of Veterans Affairs, Office of Inspector General's investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.

8.     Copies of any transcripts, including attachments, of any and all persons, other than employees of the Department of Veterans Affairs who were interviewed as a part of the Department of Veterans Affairs, Office of Inspector General's investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.

{01328499;v1}

Department of Veterans Affairs
Office of Inspector General
Release of Information Office (50CI)
October 2, 2017
Page **3** of **3**

9.    Copies of any statements, written or recorded, including attachments, of any and all employees of the Department of Veterans Affairs who were interviewed as a part of the Department of Veterans Affairs, Office of Inspector General's investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.

10.    Copies of and statements, written or recorded, including attachments, of any and all persons, other than employees of the Department of Veterans Affairs who were interviewed as a part of the Department of Veterans Affairs, Office of Inspector General's investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.

11.    Copies of any and all reports generated as a part of and/or as a result of the Department of Veterans Affairs, Office of Inspector General's investigation regarding the Contract between Western-Star Hospital Authority Inc. and the Department of Veterans Affairs.

We look forward to hearing from you. Thank you for your time and attention.

Sincerely,

Phineriee J. Boldin

PJB/pjb

{01328499;v1}

# Exhibit "B"



323 North Shore Drive
Suite 400
Pittsburgh, PA 15212
*phone* 412-822-3316
*fax* 412-822-3275

April 18, 2018                                    FOIA Request 18-02250-F

Phinorice J. Boldin, Esq.
Fineman, Krekstein & Harris, P.C.
1801 Market Street, Suite 1100
Philadelphia, PA 19103

Dear Ms. Boldin:

This letter is the initial agency decision to your October 3, 2017 request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, submitted to the Department of Veterans Affairs, Office of Inspector General, which was then routed to the VA Central office FOIA Service who determined that one of the appropriate offices for processing of and conducting a search for certain elements of your request was the VA Healthcare VISN 4 FOIA office. In your original request you asked for "a copy of Department of Veterans Affairs, Office of Inspector General (OIG) records pertaining to any investigation regarding the contract between Western Star Hospital Authority inc. and the Department of Veterans Affairs."

The VA Healthcare VISN 4 FOIA office received your FOIA request on December 26, 2017 from the VHA FOIA office. In a response provided to you by the OIG FOIA office you were advised that your request for any related administrative investigations would not be maintained by the OIG and your request was referred to the VA Central office FOIA service for assignment to the appropriate VA component. This response will address records and /or documents maintained by the VA Healthcare VISN 4 office only.  Your request has been assigned the tracking number at the top of this letter. Please include this tracking number in all future communications concerning this FOIA request. Also be advised that based on the amount of time necessary for processing this FOIA request, it has been placed in the complex processing track.

We began looking for record(s) responsive to your request pertaining to administrative investigations on December 28, 2017. A search for records responsive to your FOIA request was conducted.

My review of the documents revealed that they contained information that falls within the disclosure protections of FOIA Exemption 6, [5 U.S.C. § 552(b) (6)]. FOIA Exemption 6 permits VA to withhold information within a document if disclosure of the information would constitute a clearly unwarranted invasion of a living individual's personal privacy.  Stated another way, VA may withhold information under Exemption 6 where disclosure of the information, either by itself or in conjunction with other information available to either the public or the FOIA requester, would result in an unwarranted invasion of an individual's personal privacy without contributing significantly to the public's understanding of the activities of the federal government.

PENNSYLVANIA

DELAWARE

NEW JERSEY

OHIO

www.visn4.va.gov

Phinorice J. Boldin, Esq.
Page 2
April 18, 2018

Specifically, the information I am withholding, as indicated on the enclosed documents, under
FOIA Exemption 6 consists of individual names, email addresses, phone numbers and
addresses referenced in these documents, as the individuals associated with this information
have a personal privacy interest in it.

The coverage of FOIA Exemption 6 is absolute unless the FOIA requester can demonstrate a
countervailing public interest in the requested information by demonstrating that the individual
is in a position to provide the requested information to members of the general public and that
the information requested contributes significantly to the public's understanding of the
activities of the Federal government.  Additionally, the requester must demonstrate how the
public's need to understand the information significantly outweighs the privacy interest of the
person to whom the information pertains.  Upon consideration of the materials provided, I
have not been able to identify a countervailing public interest of sufficient magnitude to
outweigh the privacy interest in this case.  The individuals associated with this information
have a personal privacy interest in information that outweighs any public interest served by
disclosure of their identities under FOIA.  Consequently, I have redacted or blacked out this
information under FOIA Exemption 6, 5 U.S.C. § 552 (b) (6).

Upon review of the responsive records, I have also determined they contain information which
is protected under FOIA Exemption 5, 5 U.S.C. § 552(b) (5).

FOIA Exemption 5 permits VA to withhold a document or information contained within a
document as "pre-decisional" if two requirements are met.  First, if there is an identifiable
deliberative process.  Second, the agency generated the information or document as part of
the agency decision process.  Stated another way, VA may withhold information under
Exemption 5 where the document or its content makes recommendations or expresses
opinions about legal or policy matters during a decision-making process and the document is
not the decision document or incorporated into the decision document.  Additionally, as a
matter of Federal policy, the agency must state an articulable, foreseeable harm to the agency
or its activities that could occur as a result of release of the document or information.

My review of the documents identified as responsive to your FOIA request reveals that it
contains information that falls within the protection of Exemption 5.  Witness testimony that is
part of the Administrative Investigation Board (AIB) individual names and email addresses,
and contract pricing information provided as evidence has been withheld as this document's
status is pre-decisional and part of the AIB. The deliberative process privilege of Exemption 5
is invoked as it is determined that the release of these documents to the public would
negatively impact frank and open discussion and the willingness to provided testimony during
an AIB. Additionally, it is my conclusion that the release would cause a negative impact on the
ability to conduct AIB's and impair the agency's ability to fully investigate and resolve
administrative investigations.  Consequently, VA partially denies your request for this
information under FOIA Exemption 5, 5 U.S.C. § 552(b) (5).

VA Healthcare VISN 4

Phinorice J. Boldin, Esq.
Page 3
April 18, 2018

323 North Shore Drive
Suite 400
Pittsburgh, PA 15212
*phone* 412-822-3316
*fax* 412-822-3275

If you disagree with my determination to withhold the information under FOIA Exemption 5 and 6, please be advised that you may appeal to the Office of General Counsel.  Appeals may be submitted electronically to ogcfoiaappeals@va.gor or mailed to the following address:

Office of the General Counsel (024)
Department of Veterans Affairs
810 Vermont Avenue, N.W.
Washington, D.C.  20420

If you should choose to file an appeal, your appeal must be postmarked no later than ninety (90) calendar days from the date of this letter.  Please include a copy of this letter with your written appeal and clearly state why you disagree with the determinations set forth in this response.

In addition to filing an appeal with the Office of General Counsel regarding my determination, you may also seek assistance and/or dispute resolution services regarding your FOIA request from VHA's FOIA Public Liaison and or Office of Government Information Services (OGIS) as provided below:

VHA FOIA Public Liaison:
Email Address:        vhafoia2@va.gov
Phone Number:        (877) 461-5038

Office of Government Information Services (OGIS)
Email:  ogis@nara.gov
Fax:  (202) 741-5769
Mailing address:  Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road
College Park, MD  20740-6001

You have been provide a copy of 1385 pages of electronic documents on the enclosed CD, however we have redacted or blacked out all information  as cited above under FOIA exemption 5 and exemption 6.

Sincerely,

JEFFREY ADAMSON
(Acting) VA Healthcare VISN 4 FOIA Officer

PENNSYLVANIA

DELAWARE

NEW JERSEY

OHIO

# EXHIBIT 4

 **U.S. Department**
**of Veterans Affairs**

**Office of the General Counsel**                    In Reply Refer To: ILG/024T
Washington DC 20420                                 **OGC Case #: 97986**

June 15, 2018

Ms. Phinorice Boldin
Fineman, Krekstein & Harris PC
1801 Market Street, Suite 1100
Philadelphia, PA 1902

*Re:   FOIA Tracking No. 18-02250-F*

Dear Ms. Boldin:

    This is to acknowledge receipt of your June 8, 2018, Freedom of Information Act
(FOIA) Appeal.  Your appeal was received in office on June 15, 2018.  You are
appealing the April 18, 2018, decision by the VA VISN 4 in Pittsburgh, PA.

    We are in the process of obtaining relevant records **and/or** information concerning
your appeal.  Once that information is received from the facility that denied your initial
request, your appeal will be assigned to a FOIA attorney within our office.  Please be
aware that all appeals to our office are processed in the order in which they are received
(i.e., on a first-in/first-out basis.)  Given the variant circumstances that affect the length
of time required to respond to each appeal, including the number and size of documents
requested, the need to retrieve those records, the complexity of the legal issues
involved, and the current workload of the responsible attorney, it is difficult to determine
precisely when a decision will be rendered in a particular case.  Currently, we are unable
to offer an estimate as to when your appeal will be completed.

    We will issue you a final determination in writing once a decision is made on your
appeal.

    While we process your appeal, if you have any questions about this matter, please
call our office at (202) 461-7684.  We appreciate your patience while we process your
appeal.

                        Sincerely,

                        *Tracy Knight*

                        Tracy Knight
          Government Information Specialist
              Information Law Group