IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTERN STAR HOSPITAL AUTHORITY INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 18-1011 |
| v. | ) ) | JUDGE CERCONE |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | ) ) ) ) | *(Electronically Filed)* |
| Defendant. | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant the United States Department of Veterans Affairs ("VA" or "Defendant"), having disclosed all responsive documents to Plaintiff Western Star Hospital Authority, Inc. ("Plaintiff") not subject to a FOIA exemption, has moved for summary judgment. (ECF Nos. 42-45). In its Opposition (ECF No. 46), Plaintiff argues that Defendant improperly redacted certain information, including witness statements made during the course of an Administrative Investigation Board ("AIB") investigation. However, as discussed in further detail below, all information the agency redacted, including witness names and statements, is subject to withholding under FOIA Exemptions 5 and 6. Accordingly, Defendant properly withheld this information and Plaintiff's claim under FOIA should be dismissed with prejudice.

**A. Witness Statements and Email Communications Were Properly Withheld Under FOIA Exemption 5.**

In its Opposition, Plaintiff argues that Defendant "improperly" redacted, pursuant to Exemption 5, "every single witness' response to every single question asked" during the AIB investigation and that "[t]hese redactions go far beyond the scope of the exemption." ECF No. 46 at p.10. In addition, Plaintiff complains that Defendant redacted "large blocks" of information

1

contained in email messages collected by the AIB from these witnesses.  ECF No. 46-1, at ¶ 46.  As discussed in detail in Defendant's Memorandum of Law in Support of Summary Judgment, the AIB collected witness testimony and email communications as part of its pre-decisional, deliberative process.  Because the information, if disclosed, "would reveal [the] agency's decision-making process," it is subject to withholding under FOIA Exemption 5.  *Russell v. U.S. Dep't of the Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982); *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 575 F.2d 932, 935 (D.C. Cir. 1978) (distinguishing between "raw facts with informational value in their own rights" and facts that "serve primarily to reveal the 'evaluative' process by which different members of the decisionmaking chain arrive at their conclusions").

Indeed, contrary to Plaintiff's argument, courts have long recognized that witness statements made in confidence in the course of an agency investigation (such as during an agency inspector general investigation) are privileged and thus exempt from disclosure under FOIA Exemption 5.  *See, e.g., United States v. Weber Aircraft Corp.*, 465 U.S. 792, 796, 802-03 (1984); *Ahearn v. U.S. Army Materials & Mechs. Research Ctr.*, 583 F. Supp. 1123, 1124 (D. Mass. 1984); *AFGE v. U.S. Dep't of the Army*, 441 F. Supp. 1308, 1313 (D.D.C. 1977); *see also Brockway v. U.S. Dep't of the Air Force*, 518 F.2d 1184, 1192 (8th Cir. 1975) (rejecting plaintiff's contentions that accident witness statements are not part of agency's deliberations and that they should be released because they are not policy memoranda).  This privilege is necessary to "ensure frank and open discussion and hence efficient governmental operations."  *Weber Aircraft Corp.*, 465 U.S. at 802; *see also Machin v. Zuckert*, 316 F.2d 336, 339 (D.C. Cir. 1963) ("[D]isclosure of investigative reports obtained in large part through promises of confidentiality would hamper the efficient operation of an important Government program. . . .").  As one court explains, "common sense dictates that a warning to witnesses that their testimony will be generally disclosable under the

FOIA would discourage candor and would severely limit the effectiveness of [the] investigations." *AFGE*, 441 F. Supp. at 1314.

As Plaintiff does not dispute, the witness statements and email communications being withheld in this case were made and collected during the course of a confidential AIB investigation. As numerous courts have recognized, revealing the identities of the witnesses interviewed and the contents of their statements and their emails would undermine the agency's assurances of confidence to these witnesses and decrease employees' willingness to cooperate with such investigations. Accordingly, contrary to Plaintiff's argument, this information was properly withheld under Exemption 5.

### B. Witness' Personally Identifying Information Was Properly Withheld Under FOIA Exemption 6.

Plaintiff further argues that "interview responses of individuals and communications in emails do not garner protection under the guise of 'confidential personal information.'" ECF No. 46 at pp. 13-14. However, as discussed above and the Memorandum of Law In Support of Summary Judgment, any information that could be used to identify witnesses (including their names, positions, and/or a description of their role as it relates to the subject of the AIB investigation) is properly withheld because "[t]he strong public interest in encouraging witnesses to participate in future government investigations offsets the weak public interest in learning witness and third party identities." *Perlman v. DOJ*, 312 F.3d 100, 106 (2d Cir. 2002) ("The public's interest in learning the identity of witnesses . . . is minimal because that information tells little or nothing either about [the agency] or the Inspector General's conduct of its investigation."), reaffirmed after remand, 380 F.3d 110 (2d Cir. 2004); *see also Pototsky v. U.S. Dep't of the Navy*, 695 F. Supp. 1084, 1087 (D. Haw. 1988) (applying Exemption 6 to deny FOIA request for witness statements made during an investigation, in part because of "possibl[e] further intrusion upon the

3

privacy of the witnesses who provided statements in the investigation"). Furthermore, as Defendant explained in its opening brief, Plaintiff's bald allegation of racial bias does not satisfy the public interest standard required under FOIA. *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 175 (2004) (citations and internal quotation marks omitted) ("Allegations of government misconduct are easy to allege and hard to disprove, so courts must insist on a meaningful evidentiary showing.").

### C. Defendant Conducted a Line-By-Line Review of the Relevant Documents and Produced all Segregable Information.

Finally, Plaintiff complains that Defendant did not produce "all reasonably segregable information." ECF No. 46 at p. 16. However, as Defendant previously argued, the agency could have lawfully withheld *all* testimony and email communications collected during the course of the AIB's investigation pursuant to Exemption 5, as all these documents were pre-decisional and part of the AIB's deliberative process. However, in an abundance of caution, a FOIA officer at the VA spent months conducting a line-by-line review of the records in attempt to disclose any and all potentially non-exempt information. Having done so, the VA clearly met its burden under FOIA to disclose all "reasonably segregable" non-exempt information to Plaintiff.

### D. Although Defendant has Satisfied its Obligations Under FOIA, the Agency Does Not Object to an In Camera Review of the Documents Produced.

In its Opposition, Plaintiff requests that, if the Court does not deny summary judgment on the papers, it conduct an *in camera* review of the documents produced. Notably, "[t]he Vaughn index is a surrogate for the production of documents for *in camera* review, designed to enable the court to rule on a privilege without having to review the document itself." *Ethyl Corp. v. United States Envtl. Prot. Agency*, 25 F.3d 1241, 1249 (4th Cir. 1994). Defendant prepared a Vaughn index in this matter, explaining in as much detail as possible – short of actual disclosure of the contents of the documents – the basis for its redactions. Accordingly, Defendant believes that the

Court already has sufficient information to conclude that the agency fully complied with its FOIA obligations in this case and there is no need to conduct an *in camera* review. However, to the extent the Court is not satisfied with the information supplied, it has the discretion to order a more specific index or an *in camera* review. *Young v. CIA*, 972 F.2d 536, 538 (4th Cir. 1992) (applying abuse of discretion standard to court's determination not to conduct *in camera* review when affidavits and Vaughn index sufficiently specific). Defendant asserts that an *in camera* inspection of the documents produced would demonstrate that all redactions are appropriately made. Accordingly, the VA has no objection to an *in camera* review to the extent it would be helpful to the Court.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that summary judgment be granted in its favor and against Plaintiff, and that this matter be dismissed with prejudice.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

/s/ Karen Gal-Or
KAREN GAL-OR
Assistant U.S. Attorney
Joseph F. Weis, Jr. U. S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7326
Karen.GalOr@usdoj.gov
PA ID No. 317258


/s/ Jill L. Locnikar
JILL L. LOCNIKAR
Assistant U.S. Attorney
Joseph F. Weis, Jr. U. S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7429
Jill.Locnikar@usdoj.gov
PA ID No. 85892

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of May, 2019, a true and correct copy of the within REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was duly served by either electronic filing and/or first class mail, postage prepaid, upon the following:

Richard J. Perr, Esq.
Phinorice J. Boldin, Esq.
Laura A. Seider, Esq.
Ten Penn Center
1801 Market Street, Suite 1100
Philadelphia, PA 19103
*Counsel for Plaintiff*

/s/ Karen Gal-Or
KAREN GAL-OR
Assistant U.S. Attorney

/s/ Jill L. Locnikar
JILL L. LOCNIKAR
Assistant U.S. Attorney